UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CR 07-194-RMC |
| v. | : In re PVO 18 USC § 666 (Donna Woods) |
| Donna Woods | : |

FILED
SEP 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Donna Woods, stipulate and agree that the following facts are true. These facts do not constitute all of the facts known to the parties concerning the charged offenses; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which she is pleading guilty.

1. The Social Security Act of 1935 initiated the Federal and State Unemployment Insurance System which provides financial benefits to certain unemployed people. Claimants for these benefits must certify biweekly periods as to their continued unemployed status in order to be paid compensation. These certifications are made by the claimant on mail-in claim cards and require the claimant to provide his or her signature, attesting to the accuracy of the information. This program is administered by the U.S. Department of Labor, a federal agency and, for residents of the District of Columbia, the District of Columbia Department of Employment Services ("DOES"), 609 H Street, NE, Washington, D.C. 20002.

2. At all times relevant to this statement, the defendant, due to her employment by a District of Columbia employer, was eligible when unemployed during certain periods for Unemployment Insurance ("UI") payments.

3. From on or about February 2001 up until on or about October 2002, the defendant

created a scheme to receive unemployment compensation to which she knew she was not entitled by making claims for benefits from the District of Columbia for unemployment compensation benefits when in fact she was employed and receiving compensation from her employer.

4. For example, the defendant made a claim for unemployment insurance ("UI") payments from DOES between February 24, 2001 and June 16, 2001. However, during this period, the defendant was not unemployed; instead, she was employed and paid by her employer, Legion Design. After a meeting at DOES in which she was made aware that she could not receive benefits while employed, the defendant certified on claim cards that she did not perform work for each of the sixteen periods on which she was making a claim. She then mailed those cards back to DOES through the U.S. Post Office, and cashed checks issued to her for those time periods. As a result, she received approximately $4,944 to which she was not entitled.

5. On another occasion, the defendant made a claim for UI payments from DOES between January 6, 2002 and October 5, 2002. During this period, the defendant was employed and paid by the employers Unity of Washington, D.C. and the Children's National Medical Center. After a meeting at DOES in which she, again, was made aware that she could not receive benefits while employed, the defendant certified on claim cards that she did not perform work for each of the thirty-nine periods on which she was making a claim. She then mailed those cards back to DOES through the U.S. Post Office, and cashed checks issued to her for those time periods. As a result, she received approximately $14,001 to which she was not entitled.

6. The defendant subsequently admitted that she received UI compensation to which she was not entitled.

_____  
Jeff Pearlman  
Assistant United States Attorney

_____  
Bruce Johnson, Esq.  
Attorney for Defendant

_____  
Donna Woods  
Defendant

__9/21/07_____  
Date

__9/21/07_____  
Date

4.