UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 07-194 (RMC) |
| DONNA WOODS, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Donna Woods moves *pro se* for the expungement of her conviction and all related arrest records in this matter. As explained below, Ms. Woods presents no extraordinary reasons to grant her motion so the Court will deny it.

I.      BACKGROUND

On August 8, 2007, the government filed a two-count information against Ms. Woods, charging her with one count of mail fraud to obtain money in violation of 18 U.S.C. § 1341 and one count of second degree theft for wrongfully obtaining and using unemployment insurance payments, in violation of 22 D.C. Code §§ 3211, 3212(b). *See* Information [Dkt. 1]. On September 21, 2007, Ms. Woods pled guilty to one count of second degree theft. *See* Plea Agreement [Dkt. 4] at 1. The government dismissed Count 1, mail fraud, on an oral motion at sentencing. *See* 1/2/2008 Minute Entry. On January 2, 2008, the Court sentenced Ms. Woods to 180 days incarceration, 36 months of probation, and restitution of $18,945.00 at a rate of $400.00 per month. *See* Judgment [Dkt. 11]. In accord with a recommendation from the Probation Office, Ms. Woods' supervision was allowed to expire as

1

scheduled on January 1, 2011. *See* Probation Petition [Dkt. 13] at 2; *see also* 7/21/2010 Minute Order.

On January 18, 2018, Ms. Woods moved to expunge all criminal records relating to "two counts of 'second degree theft,'" so that she might "apply for work in the Federal government and restore [her]self." *See* Mot. to Expunge (Mot.) [Dkt. 14] at 1. In support of her motion, Ms. Woods apologizes for her actions and states that she will not engage in future criminal conduct. She also states that the Probation Office for the District Court of the District of Columbia has certified that she has satisfied all conditions of her probation, and that she has paid her restitution in full. *Id.*

In its opposition, the government contends that the harm of being unable to obtain federal government employment is neither unusual nor sufficient to outweigh the government's legitimate interest in maintaining criminal records. *See* Opp'n to Mot. to Expunge (Opp'n) [Dkt. 16] at 7.

## II. LEGAL STANDARD

The authority to grant expungement derives from the "general power of the federal courts to fashion appropriate remedies to protect important legal rights." *Doe v. Webster*, 606 F.2d 1226, 1230 n.8 (D.C. Cir. 1979). The remedy is "inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law." *Menard v. Saxbe*, 498 F.2d 1017, 1023 (D.C. Cir. 1974).

However, there is no "nebulous" or "standalone" right to expungement. *Abdelfattah v. Dep't of Homeland Sec.*, 787 F.3d 524, 536, 538 (D.C. Cir. 2015). "Even individuals who were never convicted are not entitled to the expungement of their arrest records as a matter of course." *Doe*, 606 F.2d at 1231. The decision to grant expungement of criminal

records requires careful consideration of the particular facts and circumstances of each case, and depends upon the court's ultimate determination that the "remedy is necessary and appropriate in order to preserve basic legal rights." *Sullivan v. Murphy*, 478 F.2d 938, 968 (D.C. Cir. 1973). The court must find a "logical relationship between the injury and the requested remedy." *Livingston v. DOJ*, 759 F.2d 74, 78 (D.C. Cir. 1985) (citation omitted).

A court's decision regarding an expungement request requires a "delicate balancing of the equities." *Id.* "The general rule. . . [is that] expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Doe*, 606 F.2d at 1231. Expungement is the proper remedy when there is a "lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Id.* at 1230 (citation omitted). Extraordinary circumstances may include politically or racially motivated arrests, misleading law enforcement testimony, incorrect legal advice, or an arrest that was predicated on a statute that was subsequently declared unconstitutional. *Id.* at 1230 nn.10-11 (noting examples of "extraordinary circumstances" that had justified expungement) (citations omitted).

### III. ANALYSIS

Ms. Woods seeks expungement of her criminal record so that she may clear her name and advance her career by seeking reemployment with the federal government. She has satisfied all conditions of her probation and asserts that she will not be "putting [her]self in situations of this type ever again." Mot. at 1. She neither challenges the legality of her conviction on constitutional grounds, nor claims that any statute authorizes her expungement

request. *Id.* Instead, she seeks expungement of her criminal record because she says it is preventing her from achieving reemployment by the federal government. *Id.*

Expungement is justified when the movant can show that she has suffered a harm rising to the level of extraordinary or unusual circumstances, and that the need to prevent such harm outweighs the government's interest in maintaining criminal records. *See Doe*, 606 F.2d at 1231. It is undisputed that the existence of a criminal record leads to a variety of harms, including that it may pose a "substantial barrier to employment." *Menard*, 498 F.2d at 1024. This Circuit has recognized that the "adverse effect on job opportunity" is the "main evil produced by dissemination of arrest records." *Morrow v. District of Columbia*, 417 F.2d 728, 742 (D.C. Cir. 1969). Yet, absent some showing of a "violation of rights," difficulty finding meaningful employment does not "rise to the level of exceptional circumstances necessary to justify this Court's exercise of its equitable power to expunge records." *United States v. Wilson*, No. 98-mj-558, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008) (holding that although defendant's criminal record was a hurdle to her attaining new employment and becoming a foster parent, such harm was insufficient to justify expungement). Ms. Woods has not alleged a violation of her rights. She makes no claim that a government official mishandled either her arrest or her conviction, or that she is innocent of the crime for which she was convicted. The only evidence she provides in support of expungement is that she has completed her sentence and is unable to obtain reemployment with the federal government because of her criminal record.

Inability to obtain specific employment is neither an exceptional circumstance nor an unusual result of a criminal conviction. In fact, a criminal record is a "usual [and] ordinary barrier to gainful employment," *see United States v. Derouen*, 279 F. Supp. 3d 298, 300 (D.D.C.

4

2018), and collateral employment consequences are an expected consequence of a conviction. *United States v. Davis*, No. 72-342, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (holding that the "mere existence" of consequences, including inability to obtain employment, "does not rise to the level of extreme or exceptional circumstances necessary to justify the expungement of records"). Ms. Woods has clearly alleged collateral employment consequences as a direct result of her conviction. However, her inability to obtain reemployment with the federal government is not only a typical consequence of a conviction, it is a harm that is directly attributable to Ms. Woods' own prior actions. *See Doe*, 606 F.2d at 1231 (noting expungement would be appropriate if "unusually substantial harm to the defendant not in any way attributable to him outweighs the government's need for a record of the arrest"). Because Ms. Woods has not shown that her rights have been violated by either her arrest or her conviction and the harm is directly attributable to her own actions, the constraint of her employment opportunities is not an extraordinary circumstance that justifies expungement.

Even if the employment consequences resulting from Ms. Woods' conviction could be seen as unusually harmful, any such consequences must be balanced against the government's interest in maintaining criminal records. *See id.* at 1245. The government has both the statutory authority to maintain criminal records and a demonstrated need to do so in order to conduct future criminal investigations efficiently. *See* Opp'n at 4-5; 28 U.S.C. § 534 ("The Attorney General shall acquire, collect, classify, and preserve identification, criminal identification, crime, and other records."); *Doe*, 606 F.2d at 1234. In these circumstances, the consequence of lost employment opportunities is not substantial enough harm to outweigh the government's legitimate interest in maintaining the criminal records of a valid conviction stemming from a valid arrest. *Doe*, 606 F.2d at 1231; *see also Derouen*, 279 F. Supp. at 299

5

(denying expungement even when defendant had also been a "model citizen" for over ten years); *United States v. Spinner*, 72 F. Supp. 3d 266, 269 (D.D.C. 2014) (denying expungement even when defendant had also shown "positive growth" and turned his life around); *United States v. Blackwell*, 45 F. Supp. 3d 123, 125 (D.D.C. 2014) (denying expungement even when conviction was over 20 years old and defendant fully satisfied conditions of release); *United States v. Robinson*, 23 F. Supp. 3d 15, 17 (D.D.C. 2014) (denying expungement even when family life was also harmed and defendant was now a law-abiding citizen); *United States v. Baccous*, No. 99-596, 2013 WL 1707961, at *2 (D.D.C. Apr. 22, 2013) (denying expungement even when residential opportunities were also harmed); *United States v. Archer*, No. 07-29, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (denying expungement even when it was defendant's first conviction and incidents were "completely out of character"); *In re Reid*, 569 F. Supp. 2d 220, 221 (D.D.C. 2008) (denying expungement even when defendant committed crime during a manic episode, before and after which she was an "intellectually capable, law abiding citizen"); *Wilson*, 2008 WL 2446134, at *1 (denying expungement even when defendant demonstrated "exemplary rehabilitation"); *Davis*, 2006 WL 1409761, at *1 (denying expungement even when civic opportunities were also harmed and defendant had demonstrated "exemplary rehabilitation").

    The Court finds that the arrest and conviction record for Donna Woods in this matter should not be expunged. While the Court is sympathetic to the barrier that Ms. Woods' criminal record poses to her employment opportunities, "the fact that a criminal record may foreclose or present difficulties in finding employment opportunities does not meet the fundamental prerequisite of setting out a legally cognizable claim to vindicate rights secured by

6

the Constitution or by statute." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017).

## IV. CONCLUSION

For the reasons explained above, it is hereby **ORDERED** that Ms. Woods' Motion to Expunge, Dkt. 14, is **DENIED**.


Date: June 19, 2018                                     /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge